Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4613 | **DATE** | 8/8/2000 |
| **CASE TITLE** | DeLaJune Sanders, et al vs. William Jefferson Clinton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's application is denied (3-1) and both the Complaints and this action are dismissed without prejudice (see <u>Denton</u>, 504 U.S. at 34), thus causing the Motion to be denied as moot. (4-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 3 0 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/8/2000 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 29 PM 1:31 | SN mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DeLaJUNE SANDERS, et al.,  )
                         )
         Plaintiffs,     )
                        )
                        )   No. 00 C 4613
v.                     )
                        )
WILLIAM JEFFERSON CLINTON, et al., )
                        )
         Defendants.    )

**DOCKETED**

AUG 3 0 2000

## MEMORANDUM OPINION AND ORDER

DeLaJune Sanders ("Sanders") has tendered these self-prepared documents in an effort to enter the doorway to the federal court system:

    1. her lengthy handwritten Complaint, submitted on her own behalf and that of other members of the Sanders family,[1] through which she seeks to target President Clinton and his wife Hillary, Dr. Lucinda Hutman, Rainbow PUSH and Mosque Maryan with a modest $21 billion demand (Complaint ¶18);

    2. her separate so-called "Employment Complaint" against President and Mrs. Clinton, this time asking for "only" $21 million (having calculated that amount in an extraordinarily peculiar manner);

    3. her Application To Proceed Without Prepayment of

---

[1] Although this error pales in comparison with the other flaws in Sanders' submissions, Sanders (perhaps understandably) does not realize that as a nonlawyer she has no right to appear in this action as the representative of other members of her family, as she has sought to do by filing an appearance form on their behalf.

Fees ("Application");[2] and

    4. her Motion for Appointment of Counsel ("Motion"), which reflects numerous efforts on Sanders' part to obtain representation on her own--efforts that quite understandably have been met with rejections.

Despite this Court's having viewed Sanders' bulky Complaints and her other filings through the generous lens prescribed by the combination of <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam) and <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), it could not be more clear that she does not meet the legal standards for in forma pauperis status. Hence the Application is denied and both the two Complaints and this action are dismissed (but without prejudice), while the Motion is consequently denied as moot.

It is not that Sanders is necessarily barred from in forma pauperis treatment in financial terms: Even though she has failed to identify (as the Application requires) what money she has received from "any other sources" during the past 12 months (Application ¶3.f), so that she has not expressly established her entitlement in that respect, the rest of the Application form does make it pretty plain that she is a poor person. Instead

---

    [2] Both the Application and the Motion referred to in the next numbered paragraph have used forms provided by this District Court's Clerk's Office, with Sanders having filled in the blanks (or at least most of them).

2

Sanders falls flat at the second hurdle that must be surmounted to attain in forma pauperis status: the need to advance a "non-frivolous" claim in the sense defined in Neitzke v. Williams, 490 U.S. 319, 325 (1989) and refined in Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Sanders obviously does not understand the role of the federal courts in this country's legal framework--courts of limited jurisdiction, authorized to hear cases only as Congress prescribes. In those terms, even leaving aside the extraordinarily bizarre nature of Sanders' repetitive assertions, she flunks the "frivolousness" test as to each defendant (beginning with the last-named defendant and working forward):

1. Neither Mosque Maryan nor Operation PUSH is a "state actor" amenable to suit under 42 U.S.C. §1983 ("Section 1983"), and no other identifiable federal-question rubric is available to cover her allegations against them.

2. Although Dr. Hutman, who is identified in Complaint ¶3 as "child psychologist of Elgin Community College," could qualify as a potential Section 1983 defendant on that score, the only conduct ascribed to her dates back to 1995, a time that falls far outside of the two-year limitations period applicable to Illinois-based Section 1983 claims.

3. As to President Clinton, it is unnecessary to look at whether any possible special Presidential immunity might

apply here. Even assuming that any alleged constitutional violations by President Clinton could potentially be remedied under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), none of Sanders' vague allegations against him qualify for that characterization of "constitutional violations." And if Sanders' allegations were somehow stretched past the breaking point to approach constitutional dimensions, that very stretching would entitle the President to the same qualified immunity that is applicable to every public official under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and its almost innumerable progeny.

4. As for Hillary Clinton, despite Sanders' efforts to convert her to public official status (something that New York's voters may or may not do in the future), Mrs. Clinton cannot sensibly be placed within the category of those suable either under Section 1983 (she is certainly not _now_ a "state actor") or in Bivens terms.

5. Finally, Sanders' "employment"-based claim is equally nonsensical. Neither President nor Mrs. Clinton is an "employer" as to Sanders, and even if they were she has failed utterly to pursue the necessary administrative preconditions to a lawsuit.

For present purposes this Court need not decide--despite the highly probable "yes" answer to such an inquiry--whether Sanders'

sprawling allegations are of the "clearly baseless" nature referred to in Neitzke, 490 U.S. at 327: those that are "fanciful" (id. at 325), "fantastic" (id. at 328) or "delusional" (id.). Because everything that Sanders has asserted is "frivolous" in the Neitzke-Denton legal sense, it is enough to say that she is not entitled to a free ride in the federal courts. As stated at the outset, the Application is denied and both the Complaints and this action are dismissed without prejudice (see Denton, 504 U.S. at 34), thus causing the Motion to be denied as moot.[3]

Milton I. Shadur
Senior United States District Judge

Date: August 8, 2000

---

[3] In fairness to Sanders, she should recognize that if she were somehow to raise the $150 filing fee needed to bring a like federal action, that would almost certainly be a waste of precious dollars. At least to this Court, nothing that she has asserted in her prolix filing states a potentially viable federal claim.

5